**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CURTIS GOLDMAN, ADMINISTRATOR <br> OF THE ESTATE OF MITCHELL GOLDMAN <br> 123 Parkview Way <br> Newtown, PA 19030 <br><br> And <br><br> CURTIS GOLDMAN <br> 123 Parkview Way <br> Newtown, PA. 19030 <br><br> Plaintiffs, <br><br> vs. <br><br> LINCOLN NATIONAL LIFE INSURANCE COMPANY <br> 1301 South Harrison Street <br> Fort Wayne, IN 46802 <br><br> And <br><br> LINCOLN LIFE ASSURANCE COMPANY OF BOSTON <br> f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON <br> 100 Liberty Way, Suite 100 <br> Dover, NH. 03820 <br><br> Defendants. | NO.: 22-cv-_____ |

**CIVIL ACTION COMPLAINT**

**THE PARTIES**

1

1.      Plaintiff is Curtis Goldman is the Administrator of the Estate of Mitchell Goldman, and is a citizen and resident of the Commonwealth of Pennsylvania, residing at 123 Parkview Way, Newtown, PA 19030.[1]

2.      Plaintiff, Curtis Goldman is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing at 123 Parkview Way, Newtown, PA 19030.  Plaintiff is suing in his own right as a beneficiary under the policy of insurance issued to the decedent, Mitchell Goldman.

3.      Defendant is Lincoln National Life Insurance Company [hereinafter referred to as "Lincoln National"], is a corporation organized and existing, under and by virtue of the laws of the State of Indiana with its principal place of business located at 1301 South Harrison Street, Fort Wayne, Indiana 46802.[2]

4.      Defendant, Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston [hereinafter referred to as "Lincoln Life"] is a business entity, organized and existing, under and by virtue of the laws of the Commonwealth of Boston, with its principal place of business located at 100 Liberty Way, Suite 100, Dover, New Hampshire 03820.

5.      Defendant, Lincoln Life is a subsidiary of Lincoln National.

6.      Defendant, Lincoln Life is a separate entity from Lincoln National.

7.      Lincoln National purchased Liberty Life Assurance Company of Boston in 2018.

---

[1] All references in the Complaint as to plaintiff or plaintiffs refer to Curtis Goldman, as Administrator of the Estate of Mitchell Goldman and Curtis Goldman, individually.

[2] All references in the Complaint as to defendant or defendants refer to Lincoln National Life Insurance Company and Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston.

8. Liberty Life Assurance Company of Boston changed its name to Lincoln Life Assurance Company of Boston in September, 2019.

9. Lincoln Life merged into the Lincoln National.

## JURISDICTION AND VENUE

10. This action arises under the Employee Retirement Income Security Act of 1974 [hereinafter referred to as "ERISA"], i.e., 29 U.S.C. §§ 1001, *et seq*.

11. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Pursuant to 29 U.S.C. 1132(a)(1)(B), "[a] civil action may be brought – (1) by a participant or beneficiary - . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

13. Likewise, 29 U.S.C. 1132(f) "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action."

14. In or around October 7, 2022, Defendants' notified Plaintiffs the claim was being denied.  *See* Exhibit "B" – Letter, Oct. 7, 2022.

15. The Policy of Insurance provided that "[i]f the claimant does not agree with the reasons given, he *may* request an appeal of the claim."  *See* Exhibit "A" – Group Life Insurance Policy, at Section 7 (emphasis added).

16. On October 25, 2022, Plaintiffs requested an appeal of the denial of the claim. *See* Exhibit "C" – Letter, Oct. 25, 2022.

17. On November 17, 2022, Defendants acknowledged receipt of the Appeal and indicated they were in the process of reviewing the appeal and if plaintiffs sough to provide any additional evidence, the deadline to do so was December 8, 2022. *See* Exhibit "D" – Letter, Nov. 17, 2022.).

18. On December 5, 2022, Plaintiffs responded that they would not be providing any additional documentation in support of Plaintiffs' claim. *See* Exhibit "E" – Letter, Dec. 5, 2022.).

19. On December 16, 2022, Defendants issued a denial of the Appeal. *See* Exhibit "F" – Letter, Dec. 16, 2022.).

20. The Group Life Insurance Policy does *not* provide for any voluntary alternative dispute resolution options, such as mediation. *See* Exhibit "A".

21. To the extent defendants' contend the appeals have not been exhausted, despite plaintiffs' protestations to the contrary, any further appeal would be futile.

22. Futility is established as the basis for defendants' denial of plaintiffs' claims was exclusion #8 of the Accidental Death and Dismemberment Exclusion i.e., controlled substances that are voluntarily taken, and the existing medical documentation, that drugs caused decedent's death, the medical records had not been amended and defendants had already determined that drugs contributed or caused Mitchell Goldman's death, any discretionary appeal would have been futile. There must be a legal determination was to whether this exclusion applies. Defendants are liable for its conduct alleged in plaintiffs' complaint.

23. Secondly, futility is established as the basis for defendants' denial of plaintiffs' claims was exclusion #6 of the Accidental Death and Dismemberment Exclusion i.e., disease, bodily injury or mental illness caused or contributed to decedent's death, and the existing

medical documentation, that disease caused decedent's death, the medical records had not been amended and defendants had already determined that disease contributed or caused Mitchell Goldman's death, any discretionary appeal would have been futile. Again, there must be a legal determination was to whether this exclusion applies. Defendants are liable for the conduct alleged in plaintiffs' complaint.

24. Accordingly, this Honorable Court has subject matter jurisdiction of this civil action as it invokes claims brought under ERISA, i.e., the interpretation of a federal statute.

25. At the time of his passing, Decedent, Mitchell Goldman was a citizen and resident of the Commonwealth of Pennsylvania, residing in the Eastern District of Pennsylvania.

26. Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situate. . . ."

27. Further, pursuant to 29 U.S.C. 1132(e)(2), "[w]here an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place . . ."

28. The Eastern District of Pennsylvania is the appropriate venue for this action as the contract for insurance was consummated in this District; the plan was administered in the Eastern District of Pennsylvania and this is where the breach took place; therefore, venue is appropriate in this District.

**FACTUAL BACKGROUND**

29. At all times relevant to the events described in Plaintiffs' Complaint, Decedent, Mitchell Goldman was employed by Mattress Firm, Inc.

30. Defendants issued to Mattress Firm, Inc. a group life insurance policy number SA3-890-464887-01. A true and correct copy of the said policy is attached hereto, made a part hereof marked exhibit "A".

31. Pursuant to the Group Life Insurance Policy, "[t]his policy is delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by The Employee Retirement Income Security Act of 1974 (ERISA) and any subsequent amendments." *Id.* at 4.

32. Upon information and belief, decedent, Mitchell Goldman did not identify a beneficiary for purposes of a recipient of his life insurance benefits.

33. The Group Life Insurance policy states that "[i]f, at the death of a Covered Employee, there is no named or surviving beneficiary, Liberty will pay the benefits to the executor or administrator of the Covered Employee's estate." *Id.* at Section 7.

34. On or about December 14, 2021, decedent, Mitchell Goldman passed away.

35. At the time of his passing, decedent, Mitchell Goldman was not married.

36. At the time of his passing, decedent, Mitchell Goldman had two (2) natural children named Curtis Goldman and Michelle Goldman, identified as beneficiaries.

37. At the time of decedent, Mitchell Goldman 's death, the deceased was insured pursuant to the above policy. *Id.*

38. The Policy provided for Employee Basic Life Insurance with limits *not to* exceed Five Hundred Thousand ($500,000.00) Dollars with a minimum amount of Fifty Thousand ($50,000.00) Dollars. *Id.* at Section 1.

39. The Policy provided for Employee Optional Life Insurance with limits *not to* exceed Five Hundred Thousand ($500,000.00) Dollars with a minimum amount of Twenty-Five Thousand ($25,000.00) Dollars. *Id.*

40. The Policy provided for Accidental Death and Dismemberment Insurance (Employee Basic Accidental Death and Dismemberment Insurance), with limits *not* to exceed Five Hundred Thousand ($500,000.00) Dollars with a minimum amount of Fifty Thousand ($50,000.00) Dollars. *Id.* at Section 1.

41. The Policy provided for Accidental Death and Dismemberment Insurance (Employee Optional Accidental Death and Dismemberment Insurance), with limits *not* to exceed Five Hundred Thousand ($500,000.00) Dollars with a minimum amount of Twenty-Five Thousand ($20,000.00) Dollars. *Id.*

42. On or about April 1, 2022, Plaintiff, Curtis Goldman was appointed the Administrator of the Estate of Mitchell Goldman by the Register of Wills, Montgomery County, File No: 46-2022-X00663. A true and correct copy of the said Letters of Administration is attached hereto, made a part hereof marked exhibit "G".

43. Following the passing of decedent, Mitchell Goldman, Plaintiffs made demand for the payment of all available proceeds of the insurance policy issued to decedent.

44. Despite numerous demands, defendants have failed, neglected and or/ refused to tender full payment on the policy.

45. Defendants have no legitimate basis to refuse to issue the insurance proceeds.

## **COUNT I - ERISA CLAIM**

46. Plaintiffs' adopt and incorporate by reference all of the allegations in the foregoing paragraphs herein as if set forth at length herein.

47. At all times material hereto, Defendants' issued to Decedent, Mitchell Goldman, a life insurance policy, Group Policy No. SA3-890-464887-01. *See* Exhibit "A".

48. Plaintiffs complied with all conditions of said policy and all premiums have been paid.

49. On or about December 14, 2022, Decedent passed away.

50. Plaintiffs provided timely notice and proof of death to Defendants.

51. On or about October 7, 2022, Defendants notified Plaintiffs that the claim was being denied. A true and correct copy of the said "denial letter" is attached hereto, made a part hereof marked exhibit "B".

53. The denial letter indicated that plaintiffs *may* request a review of the denied claim. *Id.*

54. Plaintiffs exhausted all administrative remedies, granting Plaintiffs' the right to bring this action.

55. The Policy is an employee welfare benefit plan subject to and governed by BRISA. Accordingly, Defendants are a fiduciary in connection with it. Defendants' have not paid, and continues to refuse to pay the Life Insurance to Plaintiffs. Specifically, Defendants are obligated to pay Plaintiffs the Life Insurance coverage that they owe to Plaintiffs as a direct and proximate result of their conduct as aforesaid.

56. Pursuant to ERISA § 502(a)(l)(B), 29 U.S.C.A. § 1132(a)(l)(B), Plaintiff is entitled to benefits plus interest commencing as of December 14, 2021.

57. Pursuant to ERISA§ 502(g)(l), 29 U.S.C.A. § 1132(g)(l), Plaintiffs' are also entitled to recover all attorney's fees that they has reasonably incurred, and continue to incur, in their efforts to obtain the benefits of insurance that have been, and continue to be, wrongfully withheld by Defendants. When the precise amount of these fees is known, Plaintiffs' will seek leave of court to amend this Complaint.

**WHEREFORE**, Plaintiffs, Curtis Goldman, as Administrator of the Estate of Mitchell Goldman and Curtis Goldman respectfully pray for judgment as follows:

a.   In their favor and against Defendants' awarding death insurance benefits payable to them on the life of Mitchell Goldman, under the policy as well as all general and special damages including, but not limited to, severe emotional distress, mental anguish, inconvenience, embarrassment and humiliation and loss of enjoyment of life and special damages including, but not limited to delay damages, interest, attorney's fees, litigation expenses and court costs in addition to penalties, interest and reasonable attorney's fees; and

b.   In their favor against Defendants awarding such other and further relief as the Court deems just and equitable in the premises and all such relief to which Plaintiffs are entitled.

Respectfully Submitted,

**THE GINSBURG LAW FIRM**

Date:  December 17, 2022

X   */s/ Don S. Ginsburg*
   **Don S. Ginsburg, Esq.**
   *Attorney for Plaintiffs*